**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| DAVID B., individually and on behalf of R.B., a minor,<br>*Plaintiff*,<br>v.<br>ANTHEM BLUE CROSS AND BLUE SHIELD,<br>*Defendant*. | Case No. 1:24-cv-01551 (PTG/IDD) |

## MEMORANDUM OPINION

This matter comes before the Court on the parties' cross-motions for summary judgment. Dkts. 64, 73. Plaintiff David B. brings suit against Anthem Blue Cross and Blue Shield, the insurer and claims administrator of his employee health plan. His claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff challenges Defendant's denial of benefits for his daughter's residential mental health treatment, which Defendant denied for lack of medical necessity. His first claim is for recovery of benefits under Section 502(a)(1)(B).[1] His second claim alleges that Defendant violated the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") under Section 502(a)(3) of ERISA.[2] For the reasons that follow, Defendant's Motion (Dkt. 73) is **GRANTED**, and Plaintiff's Motion (Dkt. 64) is **DENIED**.

[1] Codified as 29 U.S.C. § 1132(a)(1)(B).

[2] Codified as 29 U.S.C. § 1132(a)(3).

# I. BACKGROUND

## A. Factual Background

Plaintiff and his minor daughter, R.B., reside in Maryland. Administrative Record ("AR") 4358. During the treatment at issue in this case, Plaintiff was a participant in, and R.B. was a beneficiary of, an employer-sponsored fully insured health plan ("the Plan") subject to ERISA. Dkt. 65 ¶ 5; Dkt. 74 ¶ 1. Defendant was the insurer and claims administrator of the Plan. AR 3719–22; 3832. Beginning on February 11, 2021, R.B. attended residential mental health treatment for documented mental health conditions. AR 4318. R.B.'s healthcare providers submitted authorization requests to Defendant for this treatment. AR 4329–30.

In a letter dated February 15, 2021, Defendant denied R.B.'s residential mental health treatment because it determined the treatment was not medically necessary. AR 4392–99. In its rationale, Defendant noted it had used the MCG guideline for "Residential Behavioral Health Level of Care, Child or Adolescent (ORG: B-902-RES)." AR 4393. On March 2, 2021, following a peer-to-peer review between R.B.'s healthcare providers and Defendant's internal physician reviewer, Defendant sent a second letter denying R.B.'s treatment for lack of medical necessity. AR 4272–79; 4326. The second denial letter again noted that Defendant had utilized the MCG guideline for Residential Behavioral Health Level of Care. AR 4273. R.B.'s treatment providers then requested that Defendant reconsider its decision. AR 4325–26. Following its reconsideration, Defendant sent a third benefits denial letter dated March 15, 2021. AR 4286–93. This time, the letter stated that Defendant had used the "MCG guideline Inpatient Behavioral Health Level of Care, Child or Adolescent (ORG: B-902-IP)" in making its decision. AR 4287.

Plaintiff submitted a "Level One Member Appeal" on August 2, 2021, challenging Defendant's determination that R.B.'s care was not medically necessary. AR 0001. On August

26, 2021, after reviewing Plaintiff's appeal, Defendant sent a final denial letter. AR 1771–75. Like the third benefits denial letter, this one also referenced the MCG guideline for Inpatient Behavioral Health Level of Care. AR 1772. Included in the final denial letter was a notice titled "Rights Available to Members" that notified Plaintiff of his right to have an independent external reviewer analyze the claim, which he could exercise by contacting the Virginia Bureau of Insurance. AR 1773. The notice also had a subsection on "ERISA Rights," which informed Plaintiff of the following:

> If your health benefit plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA within one year, unless your plan provides for a longer period. Check your benefits booklet or plan documents to see if you have more time.

AR 1774. The "ERISA Rights" language had also appeared in Defendant's earlier denial letters. AR 4278, 4292, 4398.

On December 8, 2021, Plaintiff contacted the Virginia Bureau of Insurance requesting that an external reviewer independently review Defendant's adverse benefits determination. AR 6477. His request outlined R.B.'s medical history, his concerns with Defendant's determinations and the criteria used, and instructions for the reviewer on how R.B.'s claim should be analyzed under federal law and the Plan's provisions. AR 6477–576. Plaintiff specifically requested that the reviewer rely exclusively on the Plan's definition of medical necessity and not use the MCG guidelines. AR 6481. The external reviewer upheld Defendant's adverse benefit determination in a report dated January 27, 2022. AR 1762–68. The report described the reviewer's findings on why R.B.'s treatment was not medically necessary "[b]ased on the member's Health Benefit Plan." AR 1764–65.

### B. Procedural Background

On February 9, 2024, Plaintiff filed a complaint for health insurance benefits under ERISA in the United States District Court for the District of Utah. Dkt. 1. On September 4, 2024, the case was transferred to the United States District Court for the Eastern District of Virginia. Dkt. 23. Defendant filed a Partial Motion to Dismiss on October 4, 2024 (Dkt. 30), which this Court denied on November 14, 2024 (Dkt. 44). Plaintiff and Defendant filed cross-motions for summary judgment on September 5, 2025 (Dkt. 64) and October 15, 2025 (Dkt. 73), respectively.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Generally, to survive a Rule 56 motion for summary judgment, a party must go beyond the pleadings and cite to its own affidavits, depositions, answers to interrogatories, and/or admissions on file to show that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When, as here, the claims involve denial of benefits and the abuse of discretion standard applies, a summary judgment motion is a "conduit to bring the legal question before the district court, and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists do not apply." *Wonsang v. Reliance Standard Ins. Co.*, 729 F. Supp. 3d 563, 568 (E.D. Va. 2024) (quoting *Schkloven v. Hartford Life & Accident Ins. Co.*, 2022 WL 2869266, at *14 (D. Md. July 21, 2022)).

### B. Framework of Review for Recovery of Benefits Claim Under Section 502(a)(1)(B) of ERISA

In cases involving denial of benefits under an employee benefit plan governed by ERISA, the Court applies a unique framework specific to ERISA benefits cases. This framework requires

the Court to consider the denial of benefits under a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 787 (4th Cir. 1995) (internal quotation marks omitted) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "[A]n ERISA plan can confer discretion on its administrator . . . by language which 'expressly creates discretionary authority.'" *Woods v. Prudential Ins. Co. of Am.*, 528 F.3d 320, 322 (4th Cir. 2008) (quoting *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522–23 (4th Cir. 2000)). The plan must "manifest a clear intent to confer such discretion." *Id.*

### C. Framework of Review for Violation of the Parity Act Under Section 502(a)(3) of ERISA

The Parity Act prohibits insurance plans from applying treatment limitations to mental health benefits that are "more restrictive" than those applied to "medical and surgical benefits" under the plan. 29 U.S.C. § 1185a(3)(A)(ii). A plaintiff can bring either a facial challenge or an as-applied challenge under the Parity Act. *Mark E. v. Anthem Blue Cross and Blue Shield*, No. 1:24-cv-1266, 2025 WL 904691, at *5 (E.D. Va. Mar. 25, 2025) (citing *N.E. v. Blue Cross Blue Shield of N.C.*, 2023 WL 2696834, at *9 (M.D.N.C. Feb. 24, 2023)). To bring an as-applied challenge, as Plaintiff does here, he must: "(1) identify what unequal [treatment] limitation allegedly violated the [Parity Act]; (2) identify medical or surgical analogues to the mental health treatment at issue; and (3) compare this limitation as it relates to [R.B.]'s mental health treatment with medical or surgical analogues to show a plausible disparity." *Id.* (citing *N.E.*, 2023 WL 2696834, at *10).

## III. DISCUSSION

### A. Standard of Review – Abuse of Discretion

Plaintiff argues that the Court should review Defendant's denial of benefits decision *de novo*, affording it no deference, while Defendant argues for an abuse of discretion standard. *See* Dkt. 65 at 2; Dkt. 74 at 18. Determining the standard of review necessarily requires examining the language of the Plan to ascertain "whether the provision of benefits is prescriptive or discretionary and, if discretionary, whether the plan administrator acted within its discretion." *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 343 (4th Cir. 2000).

The Administrative Record in this case contains the Certificate of Coverage ("Certificate"), also referred to as the "Booklet," that was in effect at the time of Defendant's adverse benefit decisions. AR 3714–853. The parties do not dispute that this is the governing Plan document. In a section titled "Reservation of Discretionary Authority," the Certificate explicitly states the following:

> [W]e, or anyone acting on our behalf, have complete discretion to determine the administration of your benefits. Our determination shall be final and conclusive and may include, without limitation, determination of whether the services, care, treatment, or supplies are Medically Necessary[.] . . . We, or anyone acting on our behalf, shall have all the powers necessary or appropriate to enable us to carry out the duties in connection with the operation and administration of the plan. This includes, without limitation, the power to construe the Contract, to determine all questions arising under the Booklet and to make, establish and amend the rules, regulations, and procedures with regard to the interpretation and administration of the provisions of this Plan.

AR 3831–32. This language makes clear that Defendant, as the claims administrator, has discretionary authority under the terms of the Plan. This discretion extends to determination of the medical necessity of treatment, construing the Contract, and determining questions arising under the Certificate.

Since the Plan confers discretionary authority on its administrator, the Court's review is limited to the issue of whether the administrator abused its discretion. *Bernstein*, 70 F.3d at 787. Under an abuse of discretion standard, the Court will not reverse an administrator's decision if it is reasonable, that is, if it "result[ed] from a 'deliberate, principled reasoning process' and [is] supported by substantial evidence." *Williams v. Metro Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010) (quoting *Guthrie v. Nat'l Rural Elec. Coop. Ass'n Long Term Disability Plan*, 509 F.3d 644, 651 (4th Cir. 2007)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (internal quotation marks omitted). The plaintiff bears the burden of proving an administrator abused its discretion. *Case v. Cont'l Cas. Co.*, 289 F. Supp. 2d 732, 737 (E.D. Va. 2003).

**B. Plaintiff's Claims are Time-Barred**

Before evaluating whether Defendant's decision to deny benefits was reasonable or whether Defendant violated the Parity Act, the Court must resolve the threshold issue of whether Plaintiff's claims are time-barred based on the Plan's provisions, a dispositive issue in this case. The parties dispute the relevant time limit for bringing a suit, pointing to different sections of the Certificate for the applicable limitations period. Although federally regulated, "'ERISA plans are contractual documents which . . . are governed by established principles of contract and trust law.'" *Johnson v. Am. United Life Ins. Co.*, 716 F.3d 813, 820 (4th Cir. 2013) (quoting *Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 88 (4th Cir. 1996)). "Issues of contract . . . interpretation are matters of law germane to resolution at the summary judgment stage." *Verizon Va., LLC v. XO Comms., LLC*, 144 F. Supp. 3d 850, 857 (E.D. Va. 2015). When analyzing the terms of the Plan itself, "'principles of state common law'" can guide the Court's analysis. *Johnson*, 716 F.3d at 819 (quoting *Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 638 (4th Cir. 1995)). Since the Plan

is governed by the laws of the Commonwealth of Virginia, the Court uses Virginia common law to aid its interpretation. AR 3720.

Plaintiff asserts that the Certificate allows a legal action to be brought within three years after proof of loss. Dkt. 84 at 13. In support, Plaintiff looks to the "Legal Action" subsection of the Certificate's "General Provisions" section. AR 3827, 3829. That subsection provides:

> **No legal action may be brought against Anthem** within the 60-day period after proof of loss notice is filed or **more than three years after the end of the 90-day period that proof of loss was required to be filed**. This limit applies to matters relating to this health plan, to our performance under this health plan, or to any statement made by an employee, officer, or director of Anthem concerning this health plan or the benefits available to a covered person.

AR 3829 (emphasis added).

On the other hand, Defendant argues that Plaintiff's claims are subject to a one-year contractual period of limitations. Dkt. 74 at 19. Because this case involves Section 502(a) claims under ERISA, Defendant contends that the "Limitation of Actions" subsection of the "Grievance/Appeal and External Review Procedures" section contains the time limit the Court should apply. AR 3812, 3813. The relevant language is as follows:

> If we decide an appeal is untimely, our latest decision on the merits of the underlying claim or benefit request is the final decision date. You must exhaust our internal appeals process before filing a lawsuit or other legal action of any kind against us. **If your health benefit plan is sponsored by your employer and subject to the Employee Retirement Income Security Act of 1974 (ERISA) and your appeal as described above results in an adverse benefit determination, you have a right to bring a civil action under Section 502(a) of ERISA within one year of the appeal decision.**

AR 3813 (emphasis added).

The parties' dispute centers on whether the language of the Plan is ambiguous. Under Virginia law, ambiguity exists when a plan provision "can reasonably have more than one meaning given its context," "where two constructions are equally possible," or "reasonable persons may

reach reasonable, but opposite, conclusions." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 784 F. Supp. 2d 585, 592 (E.D. Va. 2011) (internal quotation marks and citations omitted). Plaintiff claims that because the two provisions are contradictory, the Plan is ambiguous. Dkt. 84 at 13–14. Therefore, he maintains that the three-year time limit should apply since "ambiguities in an ERISA plan must be construed against the administrator responsible for drafting the plan." *Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 168 (4th Cir. 2013) (citing *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 269 (4th Cir. 2002)). In contrast, Defendant contends that the provisions are not ambiguous and both limitations periods apply since they are triggered by different events: time in which proof of loss must be furnished to Defendant and time in which Defendant issues its final appeal determination. Dkt. 86 at 6–7. Thus, Defendant argues that Plaintiff must meet the conditions in both provisions to have a timely legal action. *Id.* at 7.

The Tenth Circuit's decision in a case analyzing similar limitations provisions is persuasive on this issue. It held that a benefit plan's language—which was nearly identical to the language in the instant case—was not ambiguous, and that the one-year limitations period applied to a Section 502(a) ERISA action. *J.H. v. Anthem Blue Cross Life and Health Ins. Co.*, 137 F.4th 1147, 1151–52 (10th Cir. 2025); *see also H. v. Anthem Blue Cross*, 2026 WL 575161, at *3 (M.D. Fla. Mar. 2, 2026) (finding that the plan language, which had two limitations provisions, was unambiguous and holding that the one-year limitations period applied to the plaintiff's Section 502(a) claims). In doing so, the Tenth Circuit found that "[t]he three-year provision warns the insured to file suit within three years of when the proof of loss had to be furnished to Anthem." *J.H.*, 137 F.4th at 1151. "The one-year provision simply adds another deadline; it warns the insured to file suit within a year of the grievance or appeal decision." *Id.* In other words, the claim is barred "[i]f the insured files suit after either deadline." *Id.* This Court agrees. Although Plaintiff

argues that the present dispute is different because the two provisions appear in different sections of the Certificate, that does not change their effect.

Going further, the Tenth Circuit explained that it would be a mistake to "assum[e] that only one limitations provision can apply to a particular dispute." *Id.* at 1152. That is exactly what Plaintiff has done. Plaintiff claims that only the three-year provision applies since there is ambiguity, asking the Court to ignore the one-year limitations period in favor of his preferred three-year limitations period. Dkt. 84 at 13–14. However, both limitations periods can apply. *See Chambers v. N.C. Dep't of Just.*, 66 F.4th 139, 143 (4th Cir. 2023) (recognizing that two limitations periods, each triggered by a different event, apply to a Title VII claim under the terms of the statute). While the language Plaintiff relies on applies to legal actions generally, the one-year limitations period explicitly applies to Section 502(a) civil actions under ERISA. Both of Plaintiff's claims are Section 502(a) actions, so the one-year limitations period clearly applies here. Additionally, both limitations periods are "triggered by different events," so there is no conflict between the two that would bar one from applying. *See J.H.*, 137 F.4th at 1151. As in *J.H.*, the three-year provision sets a deadline based on when proof of loss had to be given to Defendant, while the one-year provision sets a deadline based on when Defendant issued its final adverse benefit determination. *See id.* In short, the two limitations periods apply, and Plaintiff must meet both. *Id.* The language is not ambiguous just because the Plan imposes two conditions on a Section 502(a) ERISA action. *Id.* at 1151–52.

Plaintiff also argues that since the Plan's language was drafted in a way that made him "reasonably conclude" that he had three years to file suit after Defendant's final appeal denial, the Court should apply the three-year limitations period. Dkt. 84 at 15. In support, Plaintiff points to an opinion from the Supreme Court of Maryland to demonstrate that the difference between

limitations of action and legal actions is confusing. *Id.* (citing *Roman Cath. Archbishop of Wash. v. Doe*, 489 Md. 514, 528–37, 548–68) (2025)). *Roman Cath.*, however, does not speak to the issue before this Court. 489 Md. at 568 (addressing whether Maryland statute allowing action for alleged child sexual abuse to be brought "at any time" retroactively abrogated vested rights).

Plaintiff also invokes the stated goals of ERISA, which he claims are to encourage access to the courts and the use of clear language that plan participants can understand. Dkt. 84 at 15. However laudable these goals may be, they do not justify reading out an entire provision of the Certificate as Plaintiff asks this Court to do.

Plaintiff's position that the three-year provision should apply casts the three-year and one-year limitations provisions "not as deadlines but as windows of opportunity." *J.H.*, 137 F.4th at 1152. His view is that the three-year provision gives him the right to file suit within three years, even if the one-year limitations period for Section 502(a) claims has passed. Under Plaintiff's reading, the suit is timely so long as it is brought within one of those limitations periods. This is a "misreading of the plain language of the Plan." *Id.* The Plan does not give Plaintiff the *right* to sue within three years of furnishing proof of loss. Like in *J.H.*, Plaintiff's Plan merely says that you cannot file suit more than three years after proof of loss is required. *Id.* Put differently, the provision is meant to limit suits, not invite them. If the two limitations provisions were interpreted to give Plaintiff two different windows for filing suit, there would be no point in having a one-year limitations period, since the three-year provision would always supersede it.

As such, the Court finds that the Plan language is unambiguous on the relevant period of limitations, a dispositive issue in this dispute. "If a court properly determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue." *Verizon*, 144 F.

Supp. at 857 (quoting *Goodman v. Resolution Tr. Corp.*, 7 F.3d 1123, 1126 (4th Cir. 1993)). The "principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013). Enforcing the contractual limitations provisions as written, the one-year limitations period applies to both of Plaintiff's claims.

Even if the Court found that the two limitations periods were ambiguous, the outcome would be the same. Plaintiff's position that the ambiguity must be construed against Defendant is a misreading of the law. The doctrine Plaintiff relies on, *contra proferentem*, does not apply to ERISA actions where a court undertakes a deferential review because the Plan gives a claims administrator discretion to interpret plan terms. *Collins v. Unum Life Ins. Co. of Am.*, 185 F. Supp. 3d 860, 871 (E.D. Va. 2016). As discussed earlier, the Plan gives Defendant discretion to "construe the Contract" and to "determine all questions arising under the [Certificate]." AR 3832. Under the applicable abuse of discretion standard, Defendant's "interpretation . . . of the Plan must be upheld . . . if it is reasonable." *Weisman v. Guardian Life Ins. Co. of Am.*, 710 F. Supp. 3d 537, 546 n.6 (W.D. Va. 2024).

The Court finds that Defendant's determination that the one-year limitations period applies to Plaintiff's claims is reasonable. The one-year limitations period is specific to Section 502(a) claims under ERISA, and Plaintiff brings Section 502(a) claims. Moreover, Defendant's position is consistent with the information it shared with Plaintiff during the appeals process. Each of the four benefit denial letters Defendant sent Plaintiff informed him that he had a "right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA within one year, unless your plan provides for a longer period." AR 1774, 4278, 4292, 4398. The letters instructed him to "[c]heck

your benefits booklet or plan documents to see if you have more time."[3] AR 1774, 4278, 4292, 4398. Had Plaintiff looked at his Plan documents to see if his Plan allowed for a longer period to bring ERISA claims, he would have seen that the "Grievance/Appeal and External Review Procedures" section of the Certificate addresses appeal rights under ERISA. AR 3812–13. In that subsection, Plaintiff would have read that he had one year to file suit for ERISA Section 502(a) claims. AR 3813. As his own complaint acknowledges, ERISA applies to Plaintiff's suit, and he is bringing two Section 502(a) claims. *See* Dkt. 1 ¶¶ 3, 9. It is not unreasonable for Defendant to apply the specific limitations provision for the type of action that both parties agree is being brought. Further, although Plaintiff disputes whether the one-year limitations provision should apply, he does not dispute the reasonableness of the one-year time limit.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Plaintiff's claim for recovery of benefits under Section 502(a)(1)(B) and his Parity Act claim under Section 502(a)(3) of ERISA are time-barred. The one-year limitations period applies to Section 502(a) claims, which both of Plaintiff's claims are. The record reflects that Defendant issued its final adverse determination on August 26, 2021. AR 1771. Plaintiff filed the instant suit on February 9, 2024, nearly two-and-a-half

[3] The Court notes that the benefit denial letters specified that 502(a)(1)(B) claims under ERISA must be brought within one year, but Plaintiff's Parity Act claim is brought under 502(a)(3). However, these letters also instructed Plaintiff to consult his Certificate to see if he had more time to file suit. The Certificate language, which is the language the parties dispute, clearly states that the one-year limitations period applies to all Section 502(a) claims, so it applies to both of Plaintiff's claims. There is also no evidence, or argument from Plaintiff, that he relied on the language in the denial letters when deciding to bring a civil action. In fact, Plaintiff's argument about the applicable time limit is based on a different section of the Certificate than the one in question, suggesting that Plaintiff based his suit on the information in the Certificate rather than the information in the denial letters. Therefore, the Court's analysis still applies.

years from the date of Defendant's final appeal denial.[4] *See* Dkt. 1. Thus, the Court grants Defendant's Motion for Summary Judgment (Dkt. 73) and denies Plaintiff's Motion for Summary Judgment (Dkt. 64).

Entered this 29th day of September, 2026.
Alexandria, Virginia

/s/
**Patricia Tolliver Giles**
**United States District Judge**

[4] The Court acknowledges that Plaintiff did not receive the external reviewer's report until January 27, 2022. Even if the Court construed this as the final adverse determination for purposes of bringing a Section 502(a) ERISA action, Plaintiff's claims would still be time-barred for all the reasons stated.